Helen F. Dalton & Associates, P.C.
Roman Avshalumov (RA 5508)
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

------------------------------------------------------------------------X
RICARDO RAMIRO, individually and on behalf of all others similarly situated,

          Plaintiff,

-against-

KIM CHEE PRIDE, INCORPORATED, and SUNG KIM and JAMES KIM, as individuals,

          Defendants.
------------------------------------------------------------------------X

**COLLECTIVE ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

1. Plaintiff, **RICARDO RAMIRO, individually and on behalf of all others similarly situated**, (hereinafter referred to as "Plaintiff"), by his attorneys at Helen F. Dalton & Associates, P.C., alleges, upon personal knowledge as to himself and upon information and belief as to other matters, as follows:

**PRELIMINARY STATEMENT**

2. Plaintiff, **RICARDO RAMIRO, individually and on behalf of all others similarly situated**, through undersigned counsel, brings this action against **KIM CHEE PRIDE, INCORPORATED, and SUNG KIM and JAMES KIM, as individuals**, (hereinafter referred to as "Defendants"), to recover damages for egregious violations of state and federal wage and hour laws arising out of Plaintiffs' employment at KIM CHEE PRIDE, INCORPORATED, located at 320 N 6 Street Prospect Park New Jersey 07508.

3. As a result of the violations of Fair Labor Standards Act ("FLSA"), New Jersey Wage and Hour Law ("NJWHL"), and New Jersey Wage Payment Law ("NJWPL") delineated below, Plaintiff seeks compensatory damages and liquidated damages in

an amount exceeding $100,000.00. Plaintiff also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.
5. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.
6. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.
7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

8. Plaintiff RICARDO RAMIRO residing at 104-23 48th Avenue Corona New York, 11368, was employed by Defendants at KIM CHEE PRIDE, INCORPORATED, from in or around August 2005 until in or around August 2020.
9. Upon information and belief, Defendant, KIM CHEE PRIDE, INCORPORATED, is a corporation organized under the laws of New Jersey with a principal executive office at 320 N 6 Street Prospect Park New Jersey 07508.
10. Upon information and belief, Defendant, KIM CHEE PRIDE, INCORPORATED, is a corporation authorized to do business under the laws of New Jersey.
11. Upon information and belief, Defendant SUNG KIM owns and operates KIM CHEE PRIDE, INCORPORATED.
12. Upon information and belief, Defendant SUNG KIM is an agent of KIM CHEE PRIDE, INCORPORATED.
13. Upon information and belief, Defendant SUNG KIM has power over personnel decisions at KIM CHEE PRIDE, INCORPORATED.
14. Upon information and belief, Defendant SUNG KIM has power over payroll decisions at KIM CHEE PRIDE, INCORPORATED.

15. Defendant SUNG KIM has the power to hire and fire employees at KIM CHEE PRIDE, INCORPORATED, establish and pay their wages, set their work schedule, and maintains their employment records.
16. During all relevant times herein, Defendant SUNG KIM was Plaintiff's employer within the meaning of the FLSA, NJWHL and NJWPL.
17. Upon information and belief, Defendant JAMES KIM owns and operates KIM CHEE PRIDE, INCORPORATED.
18. Upon information and belief, Defendant JAMES KIM is an agent of KIM CHEE PRIDE, INCORPORATED.
19. Upon information and belief, Defendant JAMES KIM has power over personnel decisions at KIM CHEE PRIDE, INCORPORATED.
20. Upon information and belief, Defendant JAMES KIM has power over payroll decisions at KIM CHEE PRIDE, INCORPORATED.
21. Defendant JAMES KIM has the power to hire and fire employees at KIM CHEE PRIDE, INCORPORATED, establish and pay their wages, set their work schedule, and maintains their employment records.
22. During all relevant times herein, Defendant JAMES KIM was Plaintiff's employer within the meaning of the FLSA, NJWHL and NJWPL.
23. On information and belief, KIM CHEE PRIDE, INCORPORATED is, at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.00.

## FACTUAL ALLEGATIONS

24. Plaintiff RICARDO RAMIRO was employed by Defendants at KIM CHEE PRIDE, INCORPORATED, from in or around August 2005 until in or around August 2020.

3

25. During Plaintiff RICARDO RAMIRO'S employment by Defendants, Plaintiff's primary duties were as a warehouse worker, kimchi bottler, and performing other miscellaneous duties from in or around August 2005 until in or around April 2020.

26. During the relevant time period, Plaintiff RICARDO RAMIRO was paid by Defendants:

    A) $700.00 per week from in or around 2017
    B) $720.00 per week from in or around 2018
    C) $740.00 per week from in or around 2019
    D) $760.00 per week from in or around 2020.

27. As such, Plaintiff RICARDO RAMIRO worked approximately forty-eight (48) to hours per week for Defendants from in or around August 2017 until in or around April 2020.

28. Although Plaintiff RICARDO RAMIRO worked approximately forty-eight (48) hours or more per week during his employment by Defendants from in or around August 2017 until in or around April 2020, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NJWHL.

29. As a result of these violations of Federal and New Jersey State labor laws, Plaintiff seeks compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiff also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## COLLECTIVE ACTION ALLEGATIONS

30. Plaintiff bring this action on behalf of himself and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are the collective class.

31. Collective Class: All persons who are or have been employed by the Defendants as warehouse workers, bottlers, or other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants at 320 N 6 Street Prospect Park New Jersey 07508, other than the executive and management positions, who have been subject to Defendants'

common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required minimum and overtime wage compensation.

32. Upon information and belief, Defendants employed approximately 30 employees within the relevant time period who were subjected to similar payment structures.

33. Upon information and belief, Defendants suffered and permitted Plaintiff and the Collective Class to work more than forty hours per week without appropriate overtime compensation.

34. Defendants' unlawful conduct has been widespread, repeated, and consistent.

35. Upon information and belief, Defendants had knowledge that Plaintiff and the Collective Class performed work requiring overtime pay.

36. Defendants' conduct as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the Collective Class.

37. Defendants are liable under the FLSA for failing to properly compensate Plaintiff and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay in violation of the FLSA and NJWHL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

38. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.

39. The claims of Plaintiff are typical of the claims of the putative class.

40. Plaintiff and his counsel will fairly and adequately protect the interests of the putative class.

41. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

## FIRST CAUSE OF ACTION
### Overtime Wages Under The Fair Labor Standards Act

42. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.
43. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).
44. At all times relevant to this action, Plaintiff was engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).
45. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).
46. Defendants willfully failed to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiff was entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).
47. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to the compensation of the Plaintiff.
48. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION
### Overtime Wages Under New Jersey Wage and Hour Law

49. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.
50. NJWHL § 34:11-56a *et seq.* requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for any hours worked exceeding forty in a workweek.

51. As described above, Defendants are employers within the meaning of the NJWHL, while Plaintiff and any FLSA Plaintiff who opts-in to this action, are employees within the meaning of the NJWHL.
52. Also as described above, Plaintiff and any FLSA Plaintiff who opts-in to this action, worked in excess of forty hours each week, yet the Defendants failed to compensate them in accordance with the NJWHL's overtime provisions.
53. Plaintiff, and any FLSA Plaintiff, who opts-in to this action, is entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their regular rate of pay.
54. Plaintiff, and any FLSA Plaintiff who opts-in to this action, is also entitled to liquidated damages, interest, attorneys' fees, and their costs and disbursements in this action for Defendants' violations of the NJWHL's overtime provisions.

## THIRD CAUSE OF ACTION
### Unpaid Wages Under New Jersey Wage Payment Law

55. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.
56. NJWPL § 34:11-4.2 *et seq.* requires employers to pay the full amount of wages due to employees at least twice during each calendar month, on regular pay days that are designated in advance by the employer.
57. As described above, Defendants are employers within the meaning of the NJWPL, while Plaintiff and any FLSA Plaintiff who opts-in to this action, are employees within the meaning of the NJWPL.
58. Also as described above, Plaintiff and any FLSA Plaintiff who opts-in to this action, were not paid the full amount of wages due to them each pay period by Defendants.
59. Plaintiff, and any FLSA Plaintiff, who opts-in to this action, is entitled to full payment for all wages due to them that were not paid.
60. Plaintiff, and any FLSA Plaintiff who opts-in to this action, is also entitled to liquidated damages, interest, attorneys' fees, and their costs and disbursements in this action for Defendants' violations of the NJWPL's wage payment provisions.

## PRAYER FOR RELIEF

**Wherefore**, Plaintiffs respectfully request that judgment be granted:

a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiffs' rights under the FLSA, the NJWHL, and the NJWPL, and their regulations;

b. Awarding Plaintiff unpaid overtime wages;

c. Awarding Plaintiff liquidated damages pursuant to 29 U.S.C. §216, NJWHL, and NJWPL;

d. Awarding Plaintiff prejudgment and post-judgment interest;

e. Awarding Plaintiff the costs of this action together with reasonable attorneys' fees; and

f. Awarding such and further relief as this court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: This **17** day of September 2020.

Roman Avshalumov, Esq. (RA 5508)
Helen F. Dalton & Associates, PC
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Telephone: 718-263-9591
Fax: 718-263-9598

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RICARDO RAMIRO, individually and on behalf of all others similarly situated,

Plaintiff,

-against-

KIM CHEE PRIDE, INCORPORATED, and SUNG KIM and JAMES KIM, as an individual,

Defendants.

## SUMMONS & COMPLAINT

HELEN F. DALTON & ASSOCIATES, P.C.
Attorneys for Plaintiffs
69-12 Austin Street
Forest Hills, NY 11375
Phone (718) 263-9591
Fax (718) 263-9598

**TO:**
**KIM CHEE PRIDE, INCORPORATED**
**320 N 6 STREET**
**PROSPECT PARK, NEW JERSEY 07508**

**SUNG KIM**
**320 N 6 STREET**
**PROSPECT PARK, NEW JERSEY 07508**

**JAMES KIM**
**320 N 6 STREET**
**PROSPECT PARK, NEW JERSEY 07508**