

# HELEN F. DALTON & ASSOCIATES, P.C.
## ATTORNEYS AT LAW

80-02 Kew Gardens Road, Suite 601, Kew Gardens, NY 11415
Tel. (718) 263-9591 Fax. (718) 263-9598

March 24, 2021

**Via ECF**
The Honorable Magistrate Judge Edward S. Kiel
United States District Court
District of New Jersey
2 Federal Square
Newark, New Jersey 07102

Re: **Ramiro v. Kim Chee Incorporated, et al.**
 **2:20-CV-12780 (ESK)**

Dear Judge Kiel:

Our office represents Ricardo Ramiro ("Plaintiff" or "Ramiro") in the above-captioned action against Kim Chee Pride, Incorporated ("Kim Chee" or "Defendant"), and we submit this unopposed letter motion to request the Court's approval of the settlement agreement ("Settlement Agreement"), between the parties and dismissal of this action. The Settlement Agreement attached hereto as **Exhibit 1** memorializes the terms negotiated between the parties during their months-long negotiation process.

**Settlement Terms**

The parties reached a settlement to resolve all claims asserted in this matter for $21,000.00, including attorneys' fees (which are addressed below) in one payment 30 days from receiving the Court's approval of the Settlement Agreement.

**Plaintiff's Position**

Plaintiff alleged that he was employed by Kim Chee from in or around August 2005 until in or around April 2020. In general, Plaintiff alleged that Kim Chee did not pay Plaintiff time and a half (1.5) for hours worked over forty (40) in violation of the overtime provisions contained in the Fair Labor Standards Act ("FLSA") and New Jersey Wage and Hour Law ("NJWHL"). However, as this Complaint was filed in September 2020, the relevant statutory period for Plaintiff's claims under the FLSA commenced in September 2017.

Plaintiff alleged that he was employed by Kim Chee as a "bottler" and regularly worked approximately forty-eight hours per week. Further, Plaintiff alleged that he was not an exempt

employee under the FLSA or NJWHL and, as such, Defendant was required to pay Plaintiff a regular hourly rate at or above the applicable minimum wage for his first forty hours and a rate not less than time-and-a-half his regular hourly rate for his overtime hours. Plaintiff claimed that he was paid a flat weekly salary and, as such, that he was not properly compensated for approximately 8 hours of overtime for each week of his employment during the relevant statutory period.

Defendant provided time and pay records for Plaintiff for the relevant statutory period. Our office reviewed these records carefully and discussed them with our client. The records indicated that Plaintiff regularly worked 40 hours or fewer per week. Although Plaintiff maintained disagreements as to the accuracy of these records, Plaintiff understood the effect that these records could have on his claims should this matter have proceeded to trial. In particular, there was a factual dispute as to whether Plaintiff received a full hour lunch break each shift. After our review of the records – putting aside disputes as to their accuracy – our office determined that they showed that Plaintiff's potential unpaid wages recovery was between $5,000.00 to $10,000.00, not including liquidated damages.

Based on this review, Plaintiff agreed to resolve this matter for the global amount of $21,000.00. The agreement will allow Plaintiff to recover $13,606.00, which would compensate him for more than 100% of the wages owed to him, assuming the accuracy of Defendant's time and pay records. Plaintiff also recognized that if Defendant's records were accepted as accurate, he may not have been entitled to any recovery at the time of trial.

## **The Settlement Agreement is a Fair and Reasonable Resolution of Bona Fide Factual Disputes**

### a. There are bona fide disputes over legal and factual issues

As elucidated above, the parties had disputes over both the legal and factual issues concerning this matter. Defendant disputed nearly every one of Plaintiff's allegations, including Plaintiff's rates of pay, and the number of hours worked by Plaintiff each week. The only way to have resolved these outstanding disputes would have been through costly motion practice followed by extensive trial preparation and a trial potentially lasting multiple days.

The parties maintained their positions despite their disagreements on the issues raised, but sought resolution through a carefully negotiated settlement rather than continue to incur legal fees in discovery, motion practice and pre-trial preparation for the foreseeable future.

### b. The terms of the settlement are fair and reasonable

Although Plaintiff was confident that he could recover alleged unpaid wages at the time of trial, Plaintiff recognized the risks of proceeding with litigation.

Defendant vehemently disputed Plaintiff's allegations and maintained that he was properly compensated for all hours worked during his employment.

The settlement amount of $21,000.00 reflects a compromise between the parties over their disputes as to whether Plaintiff was entitled to any recovery and exactly how much he could have recovered if successful at trial. The parties maintained *bona fide* disagreements on the key facts surrounding Plaintiff's claims and the settlement amount takes into account the aforementioned risks while falling squarely within Plaintiff's range of possible recovery.

**Plaintiff's Recovery and Requested Attorneys' Fees**

The parties agreed to settle all claims asserted in this matter for $21,000.00.

Plaintiff's counsel respectfully requests an award of attorneys' fees of one-third of the settlement fund after expenses have been deducted.

Additionally, Plaintiff's counsel respectfully requests reimbursement of $592.00, for identifiable expenses, which include the District of New Jersey filing fee ($400.00) and the costs of personally serving Defendant through their process server ($192.00).

Therefore, the total amount to be paid to Plaintiff's counsel, including reimbursement of expenses, is $7,394.00.

The breakdown of the Settlement Amount into its component parts, would then be as follows:

**Settlement Amount:** $21,000.00
**Attorneys' Expenses:** $592.00
**Settlement less Expenses:** $20,408.00 ($21,000.00 - $592.00)
**Requested Attorneys' Fees:** $6,802.00 ($20,408.00 / 3)
**Total payable to Attorneys:** $7,394.00 ($6,802.00 + $592.00)
**Total payable to Plaintiff:** $13,606.00

Plaintiff's counsel and their client have a retainer agreement that is reduced to writing and is signed by the client. Attorneys' fees of 33% on FLSA and NJWHL claims are routinely approved by courts in the Third Circuit and fall within the range of reasonable allocations in the context of awards granted in other, similar cases. *See Bredbenner v. Liberty Travel*, 2011 U.S. Dist. LEXIS 38663 at *52. The attorneys' fees request of one-third of the settlement fund also comports with privately negotiated contingent fees negotiated on the open market. *Id.* at *60.

Here, Plaintiff's counsel is seeking attorneys' fees in the amount of one-third of the settlement total, pursuant to the retainer agreement entered into with the client. Since one-third is the standard amount allowed to attorneys in FLSA and NJWHL cases, and the Plaintiff entered into a contract for this amount with his counsel, this amount is fair and reasonable.

**Closing**

      In closing, the parties respectfully submit that the terms of the Settlement Agreement are fair and reasonable, including the request for Plaintiff's attorneys' fees, and therefore request that the Court approve, or so order, the Agreement and dismiss this action with prejudice, retaining jurisdiction for ninety (90) days for the sole purpose of ensuring enforcement of this settlement. A proposed form of Order is also enclosed for your consideration, as **Exhibit 2**.

      Respectfully submitted,

      /s/
      Roman Avshalumov, Esq.
      *Attorneys for Plaintiff*